GREGORY G. KATSAS
Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Facsimile:  (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A.E. CABEZAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. C 05-02095 MJJ<br><br>IN ADMIRALTY<br><br>STIPULATION BY THE PARTIES TO VACATE JUDGMENT, WITHDRAW FINDINGS AND CONCLUSIONS, AND ENTER CONSENT JUDGMENT, AND ORDER THEREON |

　　　　The parties hereto, through the undersigned consents of their attorneys of records, do hereby jointly request, pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-12, that the judgment of the Court, initially entered on November 20, 2007 (Docket 85), and amended and finally entered on January 9, 2008 (Docket 97), be vacated; that the Court's findings of fact and conclusions of law, entered on September 28, 2007 (Docket 83), be withdrawn; and that a consent judgment in the form submitted herewith be entered to commemorate the proposed settlement of this action and all claims contained herein, for the reasons hereinafter stated.  (The executed consent judgment is attached hereto

1  as "A".)

2        This case presents a seaman's personal injury action in admiralty against the United States as owner of the ship upon which the plaintiff was employed.  A bench trial before The Honorable Martin J. Jenkins concluded on January 10, 2007.  Thereafter, the Court entered findings of fact and conclusions of law in which plaintiff was found 30% at fault and the United States 70% at fault, and plaintiff was awarded $262,763, plus interest and costs.  Judgment was entered on November 20, 2007, and revised thereafter to correct the interest award.  Final judgment was entered on January 9, 2008 in the amount of $262,763, plus costs (later assessed at $14,638),  pre-judgment interest at 4% from May 20, 2005 to January 9, 2008, and post-judgment interest thereafter at the rate set in 28 U.S.C. §1961(a).

      The United States timely appealed the judgment to the Ninth Circuit Court of Appeals, No. 08-15566, and the case was assigned to the Circuit's Mediation program.  Following a conference and several subsequent discussions with the Circuit Mediator, the parties agreed to a settlement of the appeal and the underlying action whereby the United States would pay the plaintiff, Carlos Cabezas, the amount of $282,250, without further interest or costs, in full and final settlement of his action arising from the shipboard injury, contingent upon having the District Court's judgment vacated, its findings and conclusions withdrawn, and an agreed upon form of consent judgment setting forth the terms of the proposed settlement entered.  (A consent judgment against the United States in the amount of the proposed settlement will be necessary to present for payment by the United States Treasury.)

      All necessary approvals for the proposed settlement have been obtained by the Government, and the Ninth Circuit has dismissed the appeal, with each party to bear its own costs, and without prejudice to reinstatement in the event the parties fail to obtain the requisite vacatur and withdrawal from the District Court, which the parties now jointly seek by way of this stipulation and request.  It is noted that since Judge Martin J. Jenkins has left the federal bench, the requested actions may require  re-assignment of the case to another District Judge for the limited purpose of accomplishing the proposed settlement.

      Fed.R.Civ.Pro.  60(b)(5)(6) provides that a court "may relieve a party or its legal

representative from a final judgment"... "for any reason justifying relief from the operation of the judgment". Although the Supreme Court has held that a Court of Appeals may not itself vacate a District Court's judgment when the parties settle a case on appeal absent exceptional circumstances, the Supreme Court made clear that a District Court was not so constrained, and that a Court of Appeals presented with a request for vacatur of a District Court judgment can remand a case to the District Court with instructions that the request be considered, pursuant to Fed.R.Civ.Pro. 60(b). *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The Ninth Circuit has consistently followed this approach. *See, e.g., American Games, Inc. v. Trade Products, Inc.* 142 F.3d 1164, 1168 (9th Cir. 1998); *NASD Resolution, Inc. v. Judicial Counsel of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007); *DHX, Inc. V. Allianz AGF MA, Ltd*, 425 F.3d 1169, 1170 (9th Cir. 2005). This is what the Ninth Circuit has done in the present case. (A copy of the Ninth Circuit's order of dismissal without prejudice to reinstatement, which also serves as its mandate, is attached hereto as "B".)

Further, the Ninth Cicuit has consistently held that a District Court may vacate a judgment even in the absence of extraordinary circumstances. *See, e.g., American Games, Inc., supra.* The appropriate standard remains whether the equities favor vacatur, using the balancing test articulated in *Rinsgby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982), before *Bonner Mall, supra,* was decided. *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995).

The parties hereto submit that the equities clearly favor vacatur and withdrawal in the present case, which involves a standard seaman's injury action solely for money damages, in which no unique legal issues were addressed. The proposed settlement will give the plaintiff the full amount of the award which was made to him by the District Court, plus the costs assessed in his favor by the Clerk, plus a considerable portion of the interest which has accrued to date, and avoids the continuing cost to the plaintiff of the appeal, and possible remand and even retrial, bringing finality to the litigation, and also conserves Court time and resources.

In conclusion, the parties respectfully request that the judgment of the Court be vacated, that the findings and conclusions be withdrawn, and that the proposed consent judgment submitted herewith be entered to commemorate the settlement agreement.

IT IS SO AGREED, AND REQUESTED:

Dated: October  15 , 2008        GREGORY G. KATSAS
                                 Assistant Attorney General
                                 JOSEPH P. RUSSONIELLO
                                 United States Attorney
                                 R. MICHAEL UNDERHILL
                                 Attorney in Charge, West Coast Office
                                 Torts Branch, Civil Division

                                 s/Jeanne M. Franken
                                 JEANNE M. FRANKEN
                                 Trial Attorney
                                 Torts Branch, Civil Division
                                 U.S. Department of Justice

                                 Attorneys for Defendant
                                 United States of America

Dated: October  3 , 2008         Berschler Associates

                                 s/Arnold Berschler
                                 ARNOLD BERSCHLER

                                 Attorney for Plaintiff
                                 Carlos A.E. Cabezas

I hereby certify that the content of the document is acceptable to all person who were required to sign it.

                                  s/ Jeanne Franken
                                 JEANNE M. FRANKEN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 17, 2008          [signature: Jeffrey S. White]

                                 JEFFREY S. WHITE
                                 UNITED STATES DISTRICT JUDGE
                                 GENERAL DUTY